IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEJIU PU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COLUMBIA COLLEGE CHICAGO, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the plaintiff, KEJIU PU, by and through her undersigned attorney, Josh M. Friedman, and complains against the Defendant, COLUMBIA COLLEGE CHICAGO, as follows:

**INTRODUCTION**

1. This is an action against Defendant under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, arising out of the discrimination, retaliation and discharge of Plaintiff by Defendant.

**PARTIES**

2. Plaintiff is a female individual, 63 years of age (date of birth: 08/16/1946), who resides in this judicial district. Plaintiff is a citizen of the United States of America, and is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. Defendant is an Illinois not for profit corporation with its principal place of business in this judicial district. Defendant owns and operates an institution of higher learning. At all times relevant hereto, Defendant employed in excess of 500 employees and qualifies as an employer for purposes of the ADEA, the ADA, and the FMLA.

## JURISDICTION

4. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343(4); the FMLA, 29 U.S.C. § 2601 et seq., the ADA, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred and where all the parties reside.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming that she had been discriminated against based on, *inter alia*, her age and her disability, and that she was retaliated against for engaging in protected activity, on or about January 7, 2009.

7. The U.S. Equal Employment Opportunity Commission ("EEOC") mailed Notices of Right to Sue to Plaintiff on March 18, 2010. Plaintiff filed this action within 90 days of her receipt of that Notice. (A copy of the Right to Sue Notice is attached hereto and incorporated herein by reference as Exhibit A.)

8. Plaintiff has exhausted her federal administrative remedies and has standing to file this action against Defendant.

## **FACTS COMMON TO ALL COUNTS**

9. Plaintiff began her employment with Defendant in or around December 1996. She was employed by Defendant as a technical integrator.

10. At all times relevant hereto, Plaintiff performed her work satisfactorily.

11. Plaintiff took an approved FMLA leave from Defendant from on or about September 26, 2007 until on or about November 7, 2007.

12. At all times relevant hereto, Plaintiff suffered from two serious medical conditions: (1) chronic interstitial lung disease and pulmonary hypertension; and (2) Sjogren's Syndrome.

13. On or about November 20, 2007, less than two weeks after Plaintiff's return from her FMLA leave, she was transferred to a new position for which she had no experience and replaced in her old position by a newly hired, substantially younger, non-disabled individual. Defendant rejected Plaintiff's request to transfer to a new team (Application Development) for which Plaintiff had the necessary experience.

14. Even though Plaintiff was in a new position, she was still expected to perform many of the tasks of her prior position, including helping the younger, non-disabled individual to perform tasks he could not handle.

15. Despite her frequent requests for training, Plaintiff did not receive adequate training for her new position.

16. From on or about October 12, 2008 through on or about October 20, 2008, Plaintiff took a sick leave in order to recover from a severe stomach disorder and bloody stool which necessitated an emergency room visit and hospitalization.

17. Because Plaintiff's physician recommended that Plaintiff take additional time off from work to allow her to recover from her condition, Plaintiff advised her supervisor upon her return to work on or about October 20, 2008 that she was still very sick and would need FMLA protected leave to recover from her illness.

18. Almost immediately thereafter, Plaintiff's supervisor assigned her an unreasonable number of projects with no clear specifications and unreasonable deadlines that Plaintiff's supervisor knew Plaintiff could not finish in a timely fashion. In addition, Plaintiff's supervisor retrospectively defined or redefined some project specifications after they were completed and then claimed Plaintiff failed. Shortly thereafter, Plaintiff's supervisor issued a performance warning notice to Plaintiff arising out of the foregoing assignments. Upon information and belief, Plaintiff avers that these projects were assigned to her by her supervisor and the foregoing performance warning notice were issued to her in retaliation for her use of FMLA leave, because of her medical conditions, and because of her age. Plaintiff further believes and that Plaintiff's supervisor intended Plaintiff to fail so that she would have a basis to discharge her from her employment.

19. In the early morning of November 4, 2008, Plaintiff formally submitted an FMLA leave request in order to recuperate fully from her serious health condition.

20. Almost immediately thereafter, on the afternoon of November 4, 2008, Plaintiff's supervisor issued a second performance warning notice to Plaintiff arising out of the foregoing assignments. Plaintiff believes that there was no legitimate basis for this warning, and that it was issued in retaliation for her intended use of FMLA leave that she had requested that morning, because of her serious medical conditions, and because of

her age. Plaintiff further believes and that Plaintiff's supervisor intended Plaintiff to fail so that she would have a basis to discharge her from her employment.

21. As a result of the foregoing discrimination and retaliation directed against Plaintiff by Defendant, Plaintiff made a complaint of discrimination to Defendant's human resources department on November 29, 2008, and she filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on January 7, 2009 alleging, *inter alia*, age and disability discrimination.

22. Plaintiff returned from her FMLA leave of absence on or about February 4, 2009. On that same day, Plaintiff was given a long list of new projects by her supervisor with no clear specifications and unreasonable deadlines that Plaintiff's supervisor knew Plaintiff could not finish in a timely fashion. Upon information and belief, Plaintiff avers that these projects were assigned to her by her supervisor in retaliation for her use of FMLA leave, because of her serious medical conditions, and because of her age. Plaintiff further believes and that Plaintiff's supervisor intended Plaintiff to fail so that she would have a basis to discharge her from her employment.

23. In the course of attempting to complete these projects, Plaintiff's supervisor either refused to answer, or delayed answering, Plaintiff's questions, and she refused to allow Plaintiff to obtain assistance from anyone in order to complete her assigned projects.

24. On or about February 25, 2009, Plaintiff made a complaint to Defendant's human resources department that she believed she was being discriminated against because of her disability and her age.

25. Defendant discharged Plaintiff on February 27, 2009.

## COUNT I – AGE DISCRIMINATION

26. Plaintiff realleges paragraphs 1 through 25 as paragraph 26.

27. At all times relevant hereto, Plaintiff was over the age of 40 and Defendant was aware of this fact.

28. Similarly situated individuals who were substantially younger than Plaintiff were not disciplined and discharged for the reasons that Plaintiff was disciplined or discharged.

29. Defendant disciplined and ultimately discharged Plaintiff because of her age in violation of the ADEA, 29 U.S.C. § 623(a).

30. Defendant's actions and failures to act constituted a malicious and reckless indifference to Plaintiff's federally protected rights.

31. As a direct and proximate result of the discrimination alleged above, Plaintiff has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress and other forms of damage to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADEA

32. Plaintiff realleges paragraphs 1-25 as Paragraph 32.

33. The ADEA prohibits retaliation against employees for opposing unlawful age discrimination or for filing a charge of age discrimination with the EEOC. 29 U.S.C. § 623(d).

34. Plaintiff opposed unlawful age discrimination in her workplace by complaining to Defendant's human resources department about age discrimination and she filed a charge of age discrimination with the EEOC.

6

35. In retaliation for Plaintiff's complaints to Defendant about unlawful discrimination and Plaintiff's charge of age discrimination that she filed with the EEOC, Defendant engaged in the above-referenced discriminatory conduct, including but not limited to the discharge of Plaintiff.

36. As a direct and proximate result of the retaliatory practices alleged herein, Plaintiff has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress, and other forms of damage to be proven at trial.

## COUNT III
## DISABILITY DISCRIMINATION

37. Plaintiff realleges paragraphs 1-25 as paragraph 37.

38. At all times relevant hereto, Plaintiff was a qualified individual with a disability because her chronic interstitial lung disease caused her to be substantially limited in the major life activity of, *inter alia*, breathing. Furthermore, Plaintiff was a qualified individual with a disability because her Sjogren's Syndrome caused her immune system to be seriously impaired in its proper functioning. In the alternative, Plaintiff was a qualified individual with a disability because Defendant regarded her as being physically impaired.

39. At all times relevant hereto, Plaintiff was an employee of defendant as that term is defined under 42 U.S.C. § 12111(4).

40. At all times relevant hereto, Plaintiff was able to perform the essential functions of her position with or without an accommodation by the Defendant.

41. Defendant is an employer and a covered entity under the ADA, 42 U.S.C. § 12111(a)(5)(a).

42. Defendant discriminated against Plaintiff by harassing and disciplining her due to her disability and then discharging her due to her disability.

43. As a direct and proximate result of the discriminatory practices alleged herein, Plaintiff has suffered lost compensation and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress, and other forms of damage to be proven at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF THE ADA

44. Plaintiff realleges paragraphs 1-25 as paragraph 44.

45. The ADA prohibits retaliation against employees for opposing unlawful disability discrimination or for filing a charge of age discrimination with the EEOC. 42 U.S.C. § 12203(a).

46. Plaintiff opposed unlawful disability discrimination in her workplace by complaining to Defendant's human resources department about disability discrimination and she filed a charge of disability discrimination with the EEOC.

47. In retaliation for Plaintiff's complaints to Defendant about unlawful disability discrimination and Plaintiff's charge of disability discrimination that she filed with the EEOC, Defendant engaged in the above-referenced discriminatory conduct, including but not limited to the discharge of Plaintiff..

48 As a direct and proximate result of the retaliatory practices alleged herein, Plaintiff has suffered lost income and other monetary benefits, lost future employment

8

opportunities, severe emotional and psychological distress and other forms of damage to be proven at trial.

## COUNT V
## RETALIATION IN VIOLATION OF THE FMLA

49. Plaintiff realleges paragraphs 1-25 as paragraph 49.

50. Plaintiff is an eligible employee under the FMLA as she had worked more than 12 months for Defendant and more than 1,250 hours at the time of her discharge.

51. Defendant is a covered employer under the FMLA as it employed more than 50 employees within a 75 mile radius of Plaintiff's worksite.

52. The FMLA prohibits retaliation against individuals who exercise their rights under the Act.

53. Plaintiff exercised her rights under the FMLA by seeking and taking FMLA protected leave on the dates identified above.

54. By placing unreasonable work demands on Plaintiff, creating a situation where she was likely to fail, falsely disciplining her, and then discharging her, Defendant retaliated against Plaintiff for asserting her rights under the FMLA.

55. As a direct and proximate result of the retaliatory practices alleged herein, Plaintiff suffered lost income and other monetary benefits, lost future employment opportunities, severe emotional and psychological distress and other forms of damage to be proven at trial.

**WHEREFORE**, Plaintiff prays for the following relief:

    (a)    Trial by Jury on the charges raised in their Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and in violation of the acts cited;

(c) This the Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That Plaintiff have and recover from the Defendant reinstatement or front pay, back wages and lost benefits with interest, pre and post judgment interest, liquidated damages under the FMLA, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses for Defendant's conduct and for any other damages to which Plaintiff may be entitled under federal law;

(e) That Plaintiff be awarded her costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. § 1988 and any other attorney fee statutes; and

(f) Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

KEJIU PU


By /s/Josh Friedman
Her attorney


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 886-0277
A.R.D.C. No. 6220313